IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES KELVIN JOHNS, # 154434 | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:16-cv-447-MHT [wo] |
| ALABAMA DEPARTMENT OF, HUMAN RESOURCES, | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, entered 7/5/16). Now pending before the Court are the Defendant's Motion to Dismiss (Doc. 21, filed 12/5/16), the Plaintiff's Motion to Amend (Doc. 29, filed 5/24/17), and the Plaintiff's Motion to Produce (Doc. 34, filed 7/20/17). The motions are ripe for review. For good cause shown, the Magistrate Judge recommends that the motion to dismiss be GRANTED, the motion to amend be DENIED, and the motion to produce be DENIED with one minor exception.

### I. BACKGROUND

On June 16, 2016, Plaintiff Charles Kelvin Johns ("Plaintiff" or "Johns") filed his Complaint against the Alabama Department of Human Resources ("Defendant" or "DHR"). *See* Doc. 1. He also filed a motion for leave to proceed *in forma pauperis*. *See* Doc. 2. The Court granted the motion to proceed *in forma pauperis*, but specifically cautioned Plaintiff that the status only permitted him to commence the lawsuit without prepayment of fees, but does not permit the

plaintiff to maintain the lawsuit without incurring any personal expenses. *See* Doc. 4.

In his original complaint, Johns asserts that in 1985 he fathered a child. When the child became 14 years old, paternity was established and a Montgomery court ordered him to begin paying $380 per month in child support. In 2003, Johns was incarcerated until his release in 2014. During this time-frame he fell behind him his child support payments. Sometime in 2015, DHR initiated proceedings to collect $21,000+ past due child support payments. As part of the proceedings, DHR found financial accounts owned by the Plaintiff and DHR in conjunction with the United States Treasury Department froze his assets for the purpose of seizure and collection. Plaintiff avers he was unaware of these legal proceedings until January 28, 2016 when he received documents via regular mail which discussed the proceedings and the collection of the debt. Johns noticed that the documents indicated he had the right to object to the proceedings, waive his rights, and appeal any adverse decisions. Johns states he was never provided timely notice of the proceedings. Johns further argues he has attempted to obtain documents related to the proceedings from DHR. As relief, Plaintiff requested DHR be ordered to re-instate the proceedings or alternatively to provide copies of all the records related to the proceedings. *See* Doc. 1.

In response to the complaint, DHR filed its first motion to dismiss and brief in support. *See* Docs. 7-8. Defendant sought dismissal stating Plaintiff's claims are barred by the Eleventh Amendment, relief is unavailable under 42 U.S.C. § 1983, some claims are barred by statute of limitations, and the complaint failed to meet the minimum pleading requirements. *See* Doc. 8. The Court entered a show cause order to provide Plaintiff the opportunity to respond. *See* Doc. 11. Johns timely filed his response in opposition to the motion to dismiss. *See* Docs. 15-16. A few days later, he filed a motion to supplement the record. *See* Doc. 17. The Court denied the request because of the nature of the standard of review for a motion to dismiss, but provided

Plaintiff leave to amend his complaint. *See* Doc. 18. Plaintiff timely filed his amended complaint. *See* Doc. 19.

In his amended complaint, Johns makes essentially the same allegations and claims for relief as his original complaint. Specifically, he asserts that pursuant to 42 U.S.C. § 1983, DHR violated his constitutional right to due process under the Fourteenth Amendment of the United States Constitution. He claims DHR failed to provide him with timely notices regarding the legal proceedings and levy of the past due child support of $21,913.04. Johns asserts that had he received the documents in a timely manner, the outcome of the proceeding may have reached a different conclusion. *See* Doc. 19. In support of his amended complaint, Johns attaches a copy of the lien sent to First National Bank of Brundidge for an account in his name, a blank copy of the "FIDM Payment Early Release Waiver," a letter from DHR regarding Lump Sum Seizure, dated January 28, 2016, and a Notice of Lien for Child Support, dated December 29, 2015. *See* Doc. 19, Ex. 1 – 4.

In response to the amended complaint, Defendant filed a new Motion to Dismiss and brief in support. *See* Docs. 21-22. DHR reasserts that Plaintiff's claims are barred by the Eleventh Amendment, relief is unavailable under 42 U.S.C. § 1983, some claims are barred by statute of limitations, and the complaint failed to meet the minimum pleading requirements. DHR also adds that it has the legal authority for lien and levy of the money in Plaintiff's bank accounts and that Johns had a statutory duty to notify DHR of his current address. *See* Doc. 22. The Court issued a show cause order and denied the original motion to dismiss as moot in light of the amended complaint and new motion to dismiss. *See* Docs. 23-24. In response to the new motion to dismiss, Plaintiff does not substantively respond to the new motion to dismiss, but instead urges the court to accept his amended complaint. *Id*.

On February 23, 2017, Plaintiff filed a motion for up-to-date judicial data sheet. *See* Doc. 27. The Court granted the motion with explanation. *See* Doc. 28. Specifically, the Court directed the Clerk of Court to provide Plaintiff with a copy of the current docket sheet. But, the Court also warned Plaintiff that the Court would not entertain such requests on a regular basis as he has been sent all orders entered by the Court and that Defendant also submitted certificates of service which showed they also sent all their filings to the Plaintiff. The Court also informed that Plaintiff that his case would be reviewed in due course. *Id*.

On May 24, 2017, a new 80+ page motion to amend complaint was filed which seeks to add a bevy of defendants – DHR employees, employees of the bank, various state court judges, county circuit courts, a police department and various officers, assistant attorney generals, descendants of the state employee individuals, the City of Brundidge, the State of Alabama, and the United States. The motion also seeks to add violations of the Sherman Anti-Trust Act, RICO Act, 28 U.S.C. §§ 1985, 1986, a violation of the 5th Amendment's "taking clause," and various state law claims for abuse of process, outrage, executor de son tort, trustee in invitum, fraudulent concealment, and conspiracy to conceal.

The proposed amendment – which is confusing at best – seems to try to raise issues previously brought before this court in *Johns v. Stone, et al.*, Civ. Act. No. 2:05-cv-1-WHA (M.D. Ala. 2005), *Johns v. Barr, et al.*, Civ. Act. No. 2:08-cv-589-MEF (M.D. Ala. 2008), *Johns v. Pike County Circuit Court, et al*., Civ. Act. No. 2:09-cv-133-MHT (M.D. Ala. 2009), and *Johns v. J.C. Giles, et al.*, Civ. Act. No. 2:06-cv-229-WHA (M.D. Ala. 2008). The instant motion in this lawsuit is also written in a completely different handwriting than all of Johns' prior pleadings in both case and prior cases, has a completely different tone, and different arguments about the alleged wrongs committed against him. It further includes facts not related to the original claims against DHR to

include references to prior lawsuits about property claims, probated estate matters, and his prior criminal matters. The Court will briefly address Johns' prior lawsuits in turn.

In *Johns v. Stone*, Civ. Act. No. 2:05-cv-1-WHA, Plaintiff challenged actions undertaken with respect to his attempts to probate the estate of his father. He sued the probate judge for Pike County, Alabama and his attorneys (Julian McPhillips and Keith Watkins). The case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for judicial immunity and failure to state a claim. *See Johns v. Stone*, Docs. 4, 7- 8.

In *Johns v. Barr*, Civ. Act. No. 2:08-cv-589-MEF, Plaintiff again asserts claims related to the home he states he inherited from his father. In this case, he made claims that several judges, the City of Brundidge, the State of Alabama and other defendants conspired to steal his lawful property. He ultimately went to the Pike County Courthouse with a gun, grabbed a security guard, went to the Probate Office, and attempted to speak with Judge Stone. Eventually, Johns placed his weapon on the floor and released the security officer after speaking to the sheriff and a deputy. In the civil suit before this court, the case was again dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for judicial immunity, statute of limitations, and failure to state a claim. *See* Docs. 5-7.

In *Johns v. Pike County Circuit Court*, Civ. Act. No. 2:09-cv-133-MHT, Plaintiff asserted claims pursuant to 42 U.S.C. § 1983 asserting violations of his constitutional rights when the courts (Pike County Circuit Court, Alabama Court of Appeals, and the Alabama Supreme Court) refused to adjudicate his issues with the Probate Office and Tax Assessor's Office. He claims he was denied documentation as to what exactly the Johns family owned, paid taxes on, and denied his birth right to inherit, and the legal proceedings related to it. He sought an order to the State of Alabama to produce all legal documentation relating to the Johns estate. The case was dismissed

pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction and failure to state a claim under 42 U.S.C. § 1983.

In *Johns v. J.C. Giles*, Civ. Act. No. 2:06-cv-229-WHA, Plaintiff filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 as it pertained to his conviction for kidnapping in the second degree. In 2002, Johns was convicted of abducting a court security officer after he entered the Pike County Courthouse armed with a gun. The specific details of the underlying criminal conviction and the habeas appeal are discussed extensively in the Report and Recommendation (Doc. 29) in *Johns v. J.C. Giles*, 2:06-cv-229, subsequently adopted by the District Judge (Docs. 30-31). As such, the Court need not recite the details here and Johns petition for habeas corpus was denied.

After Plaintiff filed the new proposed motion to amend the complaint, the Court set a hearing on the matter wherein Plaintiff could attend by video-teleconference and telephone from the Bullock County Correctional facility. *See* Doc. 31. Several days later, the Court received a motion to determine funds for counsel, in the alternative to allow appearance of next friend, or further in the alternative to limit the judicial inquiry into fact claims only and no inquiry into legal claims. *See* Doc. 32. Further, the motion specifically stated that the most recent filings were not prepared by Plaintiff and that he would not be able to address the claims presented in the most recent motion to amend. Rather the "next friend" and "scribe" would be the person be positioned to answer questions on legal claims. The Court entered an order denying the motion and its alternative requests. *See* Doc. 33.

At the July 18, 2017 hearing, Plaintiff was specifically asked to address his claims. When asked to explain in his own words about his allegations, he focused on the fact that DHR did not provide him notice and opportunity to contest the lien placed against his bank account. He did not

contest the actual child support debt.  Further, he did not discuss the probate property and the other defendants.  Plaintiff again requested the appointment of counsel which the Court noted it had already addressed.  The Court also warned Johns that he could not use a non-lawyer to represent him in this matter.

Subsequent to the hearing, additional pleadings were filed in the Scribe's handwriting.  *See* Docs. 34-35.  In the first, the motion requests a copy of the current docket sheet and a transcript of the July 18, 2017 hearing.  The motion also states no ruling was received by the plaintiff on the appointment of counsel.  *See* Doc. 34 at p. 2.  It also asserts additional facts regarding the money in the account seized by DHR was evidence of the conspiracy of the various defendants on the probated property.  *Id*. at p. 4.

## II.   JURISDICTION

Johns asserts claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as he brings claims for violations of the United States Constitution through 42 U.S.C. § 1983.

## III.   STANDARDS OF REVIEW

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Generally, complaints by *pro se* plaintiffs are read more liberally than those drafted by attorneys. *Osahar v. U.S. Postal Serv.*, 297 Fed. Appx 863, 864 (11th Cir. 2008).  Although the court is required to liberally construe a *pro se* litigant's pleadings, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)); *see also Giles v. Wal-Mart Distrib. Ctr.*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) (internal citations and quotation omitted) ("Although *pro se* pleadings are held to a less strict standard than

pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.").

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore*, 125 F. Supp.2d at 471. To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citing *St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986)). In other words, in deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[1]

Thus, a complaint should be dismissed "when the allegations in a complaint, however true,

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558, 127 S. Ct. at 1966. Further, "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555, 127 S. Ct. at 1964-65 (citations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id*. Thus, it does not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Id*. at 570, 127 S. Ct. at 1974. It is not enough that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id*. at 561, 127 S. Ct. at 1968 (internal quotation and alteration omitted). Consequently, the threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

## IV. DISCUSSION AND ANALYSIS

Defendant asserts Plaintiff's claims fail and should be dismissed for Eleventh Amendment Immunity, failure to state a claim under 42 U.S.C. § 1983, statute of limitations, failure to meet minimum pleading requirements, that DHR has the legal authority for lien and levy for past due child support, and Plaintiff had the obligation to notify DHR of his current address.

**A.     Eleventh Amendment Immunity**

The Eleventh Amendment bars federal court from considering lawsuits brought against unconsenting states unless Congress has abrogated immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 906-07, 79 L. Ed.2d 68 (1984); *see also Lassiter v.*

*Ala. A&M Univ.*, 3 F.3d 1482, 1484-85 (11th Cir. 1993) ("The Eleventh Amendment prohibits a federal court from exercising jurisdiction over a lawsuit against a state, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity."). "Congress has not abrogated immunity in § 1983 cases." *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990). Further, Alabama has not waived its immunity. Ala. Const. Art. 1, § 15 ("[T]he State of Alabama shall never be made defendant in any court of law or equity."); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 3057-58, 57 L.Ed.2d 1114 (1978) (citing Ala. Const. art. I, § 14, now codified as § 15).

"Whether an entity is an arm of the state is determined by considering four factors: (1) how the state law defines the entity; (2) the degree of state control over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." *Nichols v. Ala. State Bar*, 815 F.3d 726, 732 (11th Cir. 2016) (citation and internal quotations omitted). When considering these four factors, the Court finds that DHR is properly considered an arm of the State of Alabama and thus entitled to Eleventh Amendment immunity. First, the Alabama Code specifically authorizes the creation of "a State Department of Human Resources" and has specifically delegated to DHR the power to "operate child support programs." *See* Ala. Code §§ 38-2-1, 38-2-3. Additionally, the Alabama Supreme Court has repeatedly found DHR to be a state agency entitled to sovereign immunity. *See, e.g., Ex parte Ala. Dep't of Human Res.*, 999 So. 2d 891, 895-96 (Ala. 2008); *Burgoon v. Ala. State Dep't of Human Res.*, 835 So. 2d 131, 133 (Ala. 2002); *Ex parte Mobile Cty. Dep't of Human Res.*, 815 So. 2d 527, 530 (Ala. 2001). Second, the Commissioner of DHR is appointed by and serves at the pleasure of the Board of Human Resources, which consists of the Alabama governor and six other members appointed by the Governor. *See* Ala. Code §§ 38-2-2, 38-2-3(a)-(b). "The aim of the state department shall be the

promotion of a unified development of welfare activities and agencies of the state and of the local governments so that each agency and each governmental institution shall function as an integral part of a general system." Ala. Code § 38-2-6. To that end, Ala Code § 38-2-3(b) provides "[t]he state board, in conference with the commissioner, shall be responsible for the adoption of policies, rules and regulations for its government and for the government of the state department. All administrative and executive duties and responsibilities of the state department shall be performed by the commissioner, subject to the authority of the state board." Third, DHR is funded by Alabama appropriations wherein the commissioner submits an annual budget to the board for its approval. *See* Ala. Code § 38-2-3(c). Though there does not appear to be statutory authority on the fourth factor, other courts have previously found that it weighs in favor of "arm of the state" status for DHR. *See, e.g., Smith v. State Dep't of Human Resources Child Support Div.*, Civ. Act. No. 15-629, 2016 U.S. Dist. LEXIS 85449, 2016 WL 3646881 (S.D. Ala. June 3, 2016).

While it does not *appear* that Johns seeks monetary damages in his original or amended complaints, the court determines it necessary to include in light of his repeated references to the $21,913.04 and the proposed amendment filed and its demand for compensatory, punitive, and other damages. *See* Doc. 29 at p. 68. But, any claims Johns makes for monetary damages are barred by Eleventh Amendment immunity.

However, "[t]he Eleventh Amendment does not insulate official capacity defendants from actions seeking prospective injunctive relief." *Lassiter*, 3 F.3d at 1485 (citations omitted); *cf. Lane v. Cent. Ala. Cmty. College*, 772 F.3d 1349, 1351 (11th Cir. 2014) ("We have determined previously that requests for reinstatement constitute prospective injunctive relief that fall within the scope of the Ex parte Young exception and, thus, are not barred by the Eleventh Amendment."). In his Complaint, Plaintiff's relief requested clearly states he requested reinstatement of the

proceedings or alternatively copies of all the records from the prior proceedings. As such, Eleventh Amendment Immunity would not shield such a request and is inapplicable.

**B.     § 1983 – person**

The Court turns to the Defendant's second basis for dismissal. 42 U.S.C. § 1983 provides a remedy when a person acting under color of law deprives a plaintiff of a right, privilege, or immunity security by the Constitution, laws, or treaties of the United States. *See* 42 U.S.C. § 1983.[2] But, "a State is not a 'person' within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65, 109 S. Ct. 2304, 2309, 105 L. Ed.2d (1989); *see also Henry v. Harkness*, 2017 U.S. App. LEXIS 12617, *3-4, WL Cite (11th Cir. Jul 14, 2017) ("neither a state nor its officials acting in their official capacities are 'persons' under § 1983."). "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will*, 491 U.S. at 66, 109 S. Ct. at 2309. Based on the above, Plaintiff's claims for prospective injunctive relief also fails.

V.     **Remaining Issues**

**A.     Motion to Amend**

Lastly, Plaintiff filed a motion to amend his federal complaint. *See* Doc. 29. Normally, a federal court will liberally allow a *pro se* plaintiff to amend his complaint. However, in this instance, the Court finds it is inappropriate for two main reasons. First, the proposed amendment was not done by the Plaintiff, but rather the "scribe." In the motion for appointment of an attorney

---

[2]     Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

or for the appearance of "next friend," the scribe states that Plaintiff is aware of facts, but would not be familiar with his legal claims. *See* Doc. 32 at p. 3-5. Further, at the July 18, 2017 hearing, when the court asked him to clarify his claims, Plaintiff focused exclusively on DHR and the child support lien as articulated in the original and first amended complaint. He did not repeat the allegations from his past lawsuits as the scribe attempts to do in the second proposed amended complaint. Further, the Court finds that the Plaintiff clearly had a firm grasp of his complaints against DHR, clearly understood and spoke the English language, and based on his history before this Court, does not lack the ability to file pleadings and claims on his own. As such, based on the fact that these appear to be a non-lawyer's submission on behalf of the *pro se* plaintiff, that alone is a reason to deny the motion to amend.

However, as a second basis on denying the motion to amend, the amendment is also futile. A review of the motion to amend clearly establishes Plaintiff still seeks to amend based on information already addressed in prior lawsuits and the various defendants named cannot be sued as discussed extensively in those opinions.[3] As such, they are barred by *res judicata*, immunity, *Rooker-Feldman*, and failure to state a claim. As discussed extensively throughout this opinion, this Court cannot and will not entertain Johns' ongoing attempts to undo what has already been done in the Alabama state courts and this Court. As such, the motion to amend (Doc. 29) should be denied as futile because the proposed claims are frivolous and fail to state a claim upon which relief may be granted under to 28 U.S.C. § 1915(e)(2)(B).

**B.      Motion for Production of Court Documents and 7/18/17 hearing transcript**

The motion for production of court documents and 7/18/17 hearing transcript (Doc. 34) is filed in the same handwriting as the scribe and not Plaintiff's handwriting. It seeks a copy of the

---

[3]     *Supra* pages 4 – 6 for recitation of those case citations and document numbers.

current docket sheet, any rulings on right to counsel, and a copy of the 7/18 hearing transcript. The motion should be denied. Firstly, it is clear that the scribe attempts to still "represent" Plaintiff despite this Court's admonition. The Court also previously informed the Plaintiff that repeated requests for docket sheets would not be entertained without good cause.

However, out of an abundance of caution, the Court determines that one additional copy of the docket sheet may be provided. However, the portion that seeks any rulings on the right to counsel should be denied as moot as it is clear Plaintiff received a copy of the ruling given that he filed an objection which specifically references it (Doc. 36).

Finally, with regard to a copy of the transcript. Plaintiff himself was present at the hearing and clearly knows what was said and discussed. The motion requesting the hearing is obviously in the scribe's handwriting and it is clear the reason for the request is so the scribe can attempt his continued representation of the *pro se* Plaintiff. Further, Plaintiff was cautioned in the original order granting his request to proceed *in forma pauperis* that there were limitations on that status. Specifically, the Court stated:

> The Court wishes the plaintiff to understand *fully* the limited nature of being allowed to proceed *in forma pauperis*. This status does permit the plaintiff to *commence* this lawsuit without *prepayment* of fees and court costs, but it does not permit the plaintiff to maintain the lawsuit without incurring any personal expenses.
>
> The Plaintiff should understand that he *may* incur expenses as a result of the prosecution of this case, and there is no provision for the court's payment of those expenses. For example, in the event of a trial, the Plaintiff may compel the attendance of witnesses through subpoena *only* by tendering to each witness payment of a one-day witness fee of $40, plus mileage. Additionally, court costs, in varying amounts, can be very substantial, and they are normally assessed against the losing party. This means that a plaintiff who loses a case may be charged with, and obligated to pay, *all* court costs, even though the plaintiff is proceeding *in forma pauperis*.

*See* Doc. 2. The request above clearly falls outside the ambit of commencement of the lawsuit and the Court finds no compelling basis to provide a transcript at no expense especially in light

that the request comes at the behest of the scribe. As such, the request for a free transcript should be denied. Should Plaintiff wish to request a copy of the transcript at his own expense, he may complete the paperwork to pay for the transcription of the hearing.

## VI. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge as follows:

(1) The Motion to Dismiss (Doc. 21) be **GRANTED.**

(2) The Motion to Amend Complaint (Doc. 29) be **DENIED**.

(3) Plaintiff's claims in the original and amended complaint be **DISMISSED with prejudice**.

(4) Plaintiff's Motion to Produce (Doc. 34) be **DENIED** with the exception of a copy of the docket sheet.

(5) The Clerk of Court is **DIRECTED** to provide a copy of the current docket sheet along with this Report and Recommendation.

(6) Any remaining motions be **DENIED as moot**.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before **August 21, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the

report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 7th day of August, 2017.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE