IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES KELVIN JOHNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:16cv447-MHT |
| | ) | (WO) |
| ALABAMA DEPARTMENT OF | ) | |
| HUMAN RESOURCES, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, a state inmate, filed this lawsuit complaining that the Alabama Department of Human Resources denied him due process when it failed to provide him notice of a legal proceeding that resulted in the freezing of his assets in an effort to collect past-due child support. He also seeks to amend to add various claims and seeks production of various documents. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that defendant's motion to dismiss be granted, plaintiff's motion to amend be

denied, plaintiff's motion to produce be denied with one minor exception, and this case be dismissed with prejudice. Also before the court are plaintiff's objections to the recommendation.

After an independent and de novo review of the record, including a review of a transcript of the hearing held before the magistrate judge, the court concludes that the objections should be overruled and the magistrate judge's recommendation adopted, with the following exceptions. First, the dismissal will be without prejudice. Second, the court does not adopt the portion of the recommendation denying the motion to amend because it was drafted by a prisoner other than the plaintiff; it appears that plaintiff may have a limited right to drafting assistance from a "jailhouse lawyer" due to his low level of education and his apparent lack of access to assistance from lawyers. See Adams v. James, 784 F.2d 1077, 1081 (11th Cir. 1986) (noting that "a prisoner has the right to assistance [with litigation] from other inmates")

(citing Johnson v. Avery, 393 U.S. 483 (1969) (holding that States may not bar prisoners from assisting other prisoners with habeas litigation where State does not provide available alternatives to aid prisoners)). However, rather than resolve that issue, the court adopts the recommendation's alternative rationale that the motion to amend should be denied due to futility.

An appropriate judgment will be entered.

DONE, this the 29th day of September, 2017.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**